IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Maurice Harper,
        Plaintiff,
  Vs.

(1) B. Tritt, Superintendent,
(2) Meintel, Deputy Superintendent,
(3) Stanishefski, CHCA,
(4) Ralph Johnson, Food Service Manager,
(5) Karen Holly, CHCA,
(6) Haresh Pandya, Doctor,
(7) Toney, Medical Staff Member
(8) UNKNOWN,
    The suit is against,
  individually and in their
  official Capacities,
        Defendant[s]

3:16-CV-1640

CIVIL COMPLAINT

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, at all times each defendant under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to U.S.C. Section 2201 and 2202. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure. "The Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. Section 1367."

## PREVIOUS LAWSUITS

A. Civil Action No: 14-cv-0639   Hon. Robert F. Kelly
   Civil Action No: 14-cv-0638   Hon. Robert F. Kelly
   Civil Action No: 13-cv-2425   Magistrate Judge M. Faith Angell
   Civil Action No: 13-cv-4901   Hon. Robert F. Kelly

1

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Plaintiff Maurice Harper used the prisoner grievance procedure available at SCI Frackville to try and solve the duty of care the defendants owed him, and the defendants breached that duty which caused the harm plaintiff is complaining of and plaintiff suffered damage as a result. Plaintiff, Maurice Harper presented the facts relating to this complaint on 1/20/2016 and plaintiff was sent a response saying that the grievance had been denied. Plaintiff, appealed the denials of his grievance to it's completion. SEE: ATTACHED GRIEVANCE'S AND RESPONSE'S

## III. DEFENDANTS

(1) Defendant, B. Tritt is the Superintendent of Frackville State Prison. She is legally responsible for the Operation of Frackville State Prison and for the wefare of all inmates Safety while at her Prison.

(2) Defendant, Meintel, Deputy Superintendent of Frackville State Prison. On information and belief, He is legally responsible for the Operation of Frackville State Prison, Food Service, Education and Medical Department.ect. and is obligated to insure that every inmate in the Pennsylvania Department of Corrections custody, care and control is receiving their Eight Amendment right to medical care and their Constitution guarantees relating to medical care and treatment. Including, adequare Health Screening procedures.

(3) Defendant, Stanishefski, is CHCA, of Frackville State Prison. On information and belief, who is responsible for insuring that policies is designed to satisfy all inmates in the Pennsylvania Department custody Eighth Amendment right to medical care and their Constitution guarantees relating to medical care and treatment. Including, adequate Healt Screening procedures.

(4) Defendant, Ralph Johnson, is the Food Service Manager of Frackville State Prison. He is responsible for the Supervision of Food Service Staff and to insure that inmates is provided their Doctor prescribed special diets. at all times relevant to this case, defendant Ralph was obligated to provide plaintiff his Doctor prescribed high-fiber diets.

(5) Defendant, Karen Holly, is CHCA of Frackville State Prison. On information and belief, who is and was responsible for insuring that all medical staff members is trained relating to medical care and treatment. She was also responsible for investigating plaintiff's complaints relating to the deprivation of his Eighth Amendment right to medical care as well as the violation of his Constitution guarantees relating adequare Health Screening procedures.

(6) Defendant, Haresh Pandya, is the Doctor of Frackville State Prison. He is responsible for insuring that every inmate in his care is receiving adequate medical treatment and insuring that their medical records is correct and up-to-date. He is also responsible for insuring that inmates under his care special needs is being met without limiting their needs due to medical and Food Services budget cutting practices. He is obligated to treat inmates who complains to him of suffering from chronic pains that is extremely painful and insuring that inmates with prescribed diets and outside treatment checkups is met.

2

(7) Defendant, Toney, is a medical staff member who is responsible and obligated to treat inmates who complains to him of suffering from chronic pains that is extremely painful. He have a duty of care, to insure that no person, who complains of being in pain, and is suffering, is denied treatment.

**THE EIGHT AMENDMENT OF THE CONSTITUTION PROTECTS PRISONERS FROM "CRUEL AND UNUSUAL PUNISHMENT." THE U.S. SUPREME COURT HAS DECIDED THAT FAILING TO PROVIDE MEDICAL CARE TO PRISONERS VIOLATES THIS AMENDMENT. IN 1976, THE COURT EXPLAINED IN ESTELLE V. GAMBLE THAT "DELIBERATE INDIFFERENCE"-PURPOSELY IGNORING THE " SERIOUS MEDICAL NEEDS" OF PRISONERS-AMOUNTS TO "CRUEL AND UNUSUAL PUNISHMENT" FORBIDDEN BY THE EIGHT AMENDANT.**

IIII. FACTS:
(6) On 8/19/2015  I was transferred to Pennsylvania State Prison @ Frackville, and during Medical Screening  I, Maurice Harper informed the Unknown screening officer that On 12/09/2014  I had afollowup visit at Jefferson University Department of Gastroenterology and Hepatology, located at 123, 10th Street Main Bldg, Suite 480, Philadelphia, PA 19107   I was evaluated by Daniel M. Quirk, MD, MPH and was informed that I have Barrett's esophagus as a complication of my longstanding reflux.

### ASSESSMENT & TREATMENT PLAN

(7)  I, Maurice Harper was informed that I had to undergo a followup upper endoscopy in 1 year (12/09/2015) due to my diagnosis of Barrett's.

(8) Doctor Quirk, explained that Barrett's esophagys is a serious gastroesolhageal reflux diseaes. The Doctoe said that Barrett's esophagus, is when heartburn goes on unabated and untreated over a long period of time, acid reflux from the stomach can cause the lining of the esophagus to look like the lining of the small intestine. Barrett's esophagus-initiated by acid-reflux-can at times ( less than 10 percent of the time) turn to cancer, and since the risk of cancer is increased in people with Barrett's esophagus, they require regular checkyps.

(9) Doctor Quirk, Increased the omeprazole to 20mg twice daily. One before breakfast and the 2nd dose before dinner. He also gave me Zantac 300mg to take at bedtime due to the damage of the lining of my esophagus and in an attempt to prevent further damage. He said that a high-fiber diet is also good for people suffer from Barrett's esophagus.

(10) Doctor Quirk, also evaluated me due to difficulty with hard stool and occasional rectal bleeding.  I was informed that I had large internal hemorrhoids and need to be on a high-fiber diet, use supplements with Fiber-Con2  pills daily with large amounts of water and use Anusol HC Suppositories at bedtime for my pain and discomfort. The Doctor explained the postive effects of a high-fiber foods. High-fiber relieves constipation by making stool bulkier and softer. Fiber helps relieve hemorrhoids, diverticolosis discomfort, and (IBS)  High-fiber foods also absurb toxins and prevent pollutants from being absorbed into the body. Fiber is a near miraculous protector of the intestinal tract and improves GI problems across the board.

(11) Doctor Quirk, also explained that if the bleeding from my hemorrhoids continues I should be referred to a colorectal surgeon for hemorrhoidal ligation.

(12) I, Maurice Harper also informed the Unknown screening officer of the History of all my chronic illness including, chronic back pains, chronic headaches, allergies, and prescribed medicated glasses.

(13) The Unknown screening officer informed me that he did not have any of my medical records confirming my chronic illness.

(14) I, Maurice Harper provided the Unknown screening officer a copy of the assessment and treatment plan from Doctor Quirk confirming my diagnoses of Barrett's esophagus and large internal hemorrhoids as well as the treatment plan I was preacribed.

(15) At all times relevant to this complaint, I Maurice Harper complained to defendant Pandya, and defendant Toney that I was suffering from extreme pain and was bleeding profusely from my rectal. I requested Anusol HC Suppositories and Doctor Quirk prescribed high-fiber diet and I was ignored and denied treatment by the defendant's, intentionally with the knowledge that such denial of requested treatment is likely to cause me unnecessary pain and suffering as well as seriously aggravate my chronic illness, causing it to worsen.

### IN REFERENCE :TO THE FOLLOWING MEDICAL VISITS
### I WAS SEEN BY DEFENDANT PANDYA AND OR DEFENDANT TONEY

At all times relevant to this complaint, I, Maurice Harper complained to all defendants that the food I was provieded caused me pain and suffering due to compliations of my Barrett's esophagus, and large internal hemorrhoids.

(16) On 10/7/2015 I, Maurice Harper complained to medical staff that I was in extreme pain and was bleeding profusely from my rectal and medical denied me treatment.

(17) On 10/23/2015 I complained to medical staff that I was still bleeding from my rectal and medical denied me treatment.

(18) On 12/15/2015 I complained to medical staff and begged them for treatment for the pain and bleeding from my rectal. Headaches and complications from my Barrett's esophagus.

(19) On I was informed by medical staff that I had to show them medical records confirming that I suffer from chronic headaches before they help me. I provided them records confirming that I suffer from chronic headaches.

4

(20) I was informed by medical staff that I would not be sent for a followup upper endoscopy with deliberate indifferent to my serious medical needs. The defendants did not have or did not use the skill or professional judgment that is the norm in the medical field in question. Whereby, failing to insure that I got the treatment I needed for my diagnosis of Barrett's, which is a serious gastroesolhageal reflux disease with a risk of cancer.

(21) I was denied treatment for the pain and bleeding from my rectal with deliberate indifferent to my serious medical needs.

(22) On 1/19/2016 I complained to medical stafff, begging them to treat the pain and bleeding from my rectal. I requested to be referred to a colorectal surgeon for hemorrhoidal ligation as Doctor Quirk prescribed, and was denied because medical staff said the documents I provided was not recognized authority that warrants SCI-Frackville to take action.

At all times relevant to this complaint, I complained to all defendants that I was not provideded 30grams of fiber, and the bland diet provided by defendant Ralph Johson, Food Service Manager was causing me complications with my Barrett's esophagus and hemorrhoids.

(23) On 1/20/2016 at 1430 The Unit Officer sent me to medical because I showed him the blood on the toilet tissue and the blood colouring the toilet water, and he immediately sent me to medical and the defendants denied me treatment with deliberate indifferent to my serious medical needs.

(24) On 1/20/2016 at 1535 The Unit Officer sent me back to medical because I showed him that I was still bleeding profusely. This time I took the toilet tissue with me to medical and showed medical the toilet tissue soaked in blood and medical tested it and it was positive for blood. They also took a stool test which also tested positive for blood. I was provided a cold pack and three suppositories for the pain and sent back to my Housing Unit.

(25) On 12/17/2015 The defendants charged me $5.00 (medical co-pay) as a nuisance fee

(26) On 4/02/2016 I sent a letter to the Clinical Dietitian for the Department of Corrections/Bureau of Health and Food Service located at 1920 Technology Parkway, Mechanicburg, PA 17050 requesting Doctor prescribed high-fiber diet.

(27) On 4/8/2016 I received a reply from Andrea Norris, Acting Director of Bureau of Health Care Services, informing me that a diet order for my high-fiber diet was never ordered. The Director said a GERD diet was ordered on 12,2015 and the diet as written provides at least 30grams of fiber and is considered a high-fiber diet.

(28) After making numerous verbal requests to the defendants for my high-fiber diet to no avial. On 4/22/2016 I sent a inmate request to defendent Ralph Johson, food service manager given notice that I was not being provided 30grams of fiber as written by Acting Director, Andrea Norris. Defendent Ralph

Johnson informed me to take it up with my Doctor. SEE: ATTACHMENTS

### NOTE: I WAS NEVER PROVIDED A GERD DITE WITH 30grams OF FIBER

(29) On 6/1/2016 I sent a inmate request to medical Superisor requesting 30grams of fiber as was prescribed by Doctor Quirk.

(30) On 6/2/2016 I received a reply informing me to sign for sick call to address my prescribed high-fiber diet. SEE: ATTACHMENTS

(31) On 3/16/2016 I complained to medical staff concerning not being provided 30grams of fiber and was charged $5.00 (medical co-pay) as an nuisance fee

(32) On 3/17/2016 I complained to medical staff that I was still in extreme pain from continugus back pains and had a lump on my lower back. The lump was diagnosed as being a subutaneous fascia/fat herniation and or a abnormal protrusion of the connective tissue. I requesred a MRI and a X-ray as well as painkilling drugs,and a back brace due to my job assignment in food service as a dock-worker lifting hundreds of pounds. The medical department cleared me to work in food service with knowledge of my complaints of back pains. Food service said the medical department is the only ones that can provide a back brace and have a policy that refused inmates working in food service back braces with knowledge that inmates can become injured lifting hundreds of pounds food and garbage. I was denied treatment and charged $5.00 as a nuisance fee.

(33) On 5/18/2016 I was transported to medical on a wheelchair due to back pains/muscle spasms that caused me to be paralyze on my cell floor suffering from extreme pain,leaving me unable to move because of the fear of the pain to come if I did. I was told by medical staff, while paralyze on my cell floor that I would not receive treatment if I did not fill out a sick call slip authorizing the medical department to charge me for treatment. I was charged $10.00 medical (co-pay) as an nuisance fee.

(34) Medical staff evaluated me and my diagnosis was muscle spasms. I requested a MRI and was denied. Therefore, I requested a x-ray and I was diagnosed with scoliousis.

(35) At all times relevant to this complaint, the administration or its employees (defendants) were more than merely negligent; they were aware of my pain and suffering for months and failed to act to alleviate that condition, whereby causing me to suffer physical injury and emotional distress.

(36) The defendants failure to treat an inmate chronic back pains due to inadequate Health Care screening procedures, polices and or practices is deliberate indifference to serious medical needs of prisoners and violates the Eighth Amendments prohibition on cruel and unusual punishment.

(37) The defendants intentioal interference with plaintiff's treatment once prescribed caused actual injury and emotional distress. Plaintiff was diagnosed with a Hiatal Hernia which is when the esophagus passes through an opening, known as the hiatus, in the diaphragm-the muscle dividing the chest cavity from the abdominal cavity. When this opening becomes stretched, allowing a portion of the stomach to

bulge through into the chest cavity, the condition is referred to as a hiatal hernia.

(38) A hiatal hernia may cause contribute to a weak LES, which permits backflow of stomach acid into the esophagus, bringing on heartburn and/or regurgitation. The defendants intentioal delay in plaintiff's prescribed followup upper endoscopy caused plaintiff to suffer from complications from his Barrett's esophagus unnecessarily causing him to suffer and be diagoned with a hiatal hernia which is physical injury.

## V. LEGAL CLAIMS

Plaintiff reallege and incorporate by reference paragraphs 1-38

The violation in the denial of treatment for chronic illness due to inadequate Health Screening or intake procedures, policies and or practices is deliberate indifference to serious medical needs of prisoners and violates the Eighth Amendments to the United States Constitution prohibition on cruel and unusual punishment.

Estelle v. Gamble, 429 U.S. 97,104-05(19760. The Court there set out 3 general types of prohibited conduct: indifference...manifested by prison doctors in their response to the prisoner's needs [,] or by prison guards...intentionally denying access to medical care [,] or intentionally interfering with the treatment once prescribed."Id.

Under the Estelle test a prisoner is Constitutionally entitled to whatever treatment the medical professional deems appropriate under the circumstances.

In this case, Planitiff, Maurice Harper was Constitutionally entitled to Doctor Quirk:

1. Prescribed high-fiber diet, in an attempt to prevent planitiff from being referred to a Colorectal Surgeon for hemorrhoidal ligation due to the bleeding from his hemorrhoids.

2. Anusol HC Suppositories at bedtime for planitiff's pain and discomfort.

3. Followup upper endoscopy due to planitiff's diagnosis of Barrett's which is a serious gastroesolhageal reflux diseaes that can develop into cancer.

The defendants refusal to carryout plaintiff's Doctor prescribed treatments was deliberate and motivated by non-medical factors. Wherefore, plaintiff respectfully prays that this Court enter judgment granting plaintiff:

A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

A preliminary and permanent injunction ordering defendants, B. Tritt, Meintel, Stanishefski, Ralph Johson, Karen Holly, Haresh Pandya, Toney and Unknown, to stop depriving plaintiff of his rights

under the Constitution and laws of the United States, and order the defendants to stop depriving plaintiff of his Doctor prescribed high-fiber diet, halt any and all charges of plaintiff being seen for his diagnosed chronic illness's, and provide plaintiff with an MRI due to his diagnosis of Scoliousis, Subutaneous fascis/fat herniation and or abnormal protrusion of the connective tissue. The reason for the MRI is to clearly pinpoint the diagnosis and rule out other diseases, such as an ataxia, which is a problem in the autonomic nervous system. Herniated disc, Slipped disc, and or other spinal diseases.

Also order the defendants to create and enact adequate Health Screening procedures and policies designed to ensure that every inmate transferred into the custody, care and control in Pennsylvania State Prisons is accompanied with a complete copy of their medical records to insure that inmates is receiving their Eight Amendment rights to adequate medical care and treatment, for chronic illness which is already in the inmate medical records. This order would guarantee that inmates would not be deprived medical treatment just because they dont have a copy of their medical records to confirm their chronic illness before they can get treatment from prison doctors and or medical staff members.

Plaintiff respectfully prays that this Court enter judgment granting plaintiff:

Compensatory damages in the amount of $ 150,000 against each defendant jointly and severally due to the extreme pain and suffering plaintiff was subjected to endure due to the defendants deliberately indifference to his serious medical needs.

Punitive damages in the amount of $ 150,000 against each defendant.

A jury trial on all issues triable by jury

Plaintiff's cost in this suit

Any additional relief this Court deems just, proper, and equitable.

Dated: <u>Thursday, 07 July, 2016</u>
Respectfully Submitted
Maurice Harper
SCI@ Frackville, LY-3882
1111 Altamont Blvd.
Frackville, PA 17931-2699

VERIFICATION
I have read the foregoing complaint and hereby
Verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Frackville, Pennsylvania on date: July 07, 2016

*Maurice Harper*
Maurice Harper, plaintiff

Maurice Harper
SCI@Frackville, LY-3882
1111 Altamont Blvd.
Frackville, PA 17931-2699

TO: Office of the Clerk for the Middle District of Pennsylvania
235 North Washington Avenue, P.O. Box 1148
Scranton, PA 18501-1148

RE: **NOTICE OF THREE ENVELOPS SENT TO YOUR OFFICE
CONTAINING CIVIL COMPLAINT & AUTHORIZATION (Prisoner's Account Only)**

Dear Clerk of the Court:

This letter is to inform your office that Im sending the Courts three envelops containing a civil complaint inwhich I have attempted to send to the Courts on July 07, 2016

However, the envelop was sent back to me due to the wrong address. The post office sent it back to me and told me to make the corrections and remail the envelop. I've done all the above but this prison have denied to remail the envelop because they opened the returned envelop and seen the civil complaint inside, and decided to retaliate against me. Wherefore, I pray that the three envelops is not interfered with by the prison staff members.

I have completed all the notice of lawsuit and request to waive service of summons, and Marshals Service forms but can not afford to mail them off yet. When I get some money to pay the prison cost again I'll send them to your office.

Sincerely,

*Maurice Harper*
Maurice Harper, PRO SE

Maurice Harper
SCI @ Frackville, LY-3882
1111 Altamont Blvd.
Frackville, PA 17931-2699

INMATE MAIL
PA DEPT OF
CORRECTIONS

Hasler
08/05/2016
US POSTAGE $000.46⁵
FIRST-CLASS MAIL
ZIP 17932
011E12650639

The office of the Clerk
United States District Court
Middle District of Pennsylvania
235 North Washing Avenue
P.O. Box 1148
Scranton, PA 18501-1148

RECEIVED
SCRANTON
AUG 08 2016
PER [signature]
DEPUTY CLERK

18501≡1148 B099

---

Maurice Harper
SCI @ Frackville, LY-3882
1111 Altamont Blvd.
Frackville, PA 17931-2699

INMATE MAIL
PA DEPT OF
CORRECTIONS

Hasler
08/05/2016
US POSTAGE $000.46⁵
FIRST-CLASS MAIL
ZIP 17932
011E12650639

The office of the Clerk
United States District Court
Middle District of Pennsylvania
235 North Washing Avenue
P.O. Box 1148
Scranton, PA 18501-1148

18501≡1148 B099

3 of 3

Maurice Harper
SCI @ Frackville, LY-3882
1111 Altamont Blvd.
Frackville, PA 17931-2699

INMATE MAIL
PA DEPT OF
CORRECTIONS

Hasler  FIRST-CLASS MAIL
08/05/2016
US POSTAGE $000.46⁵

ZIP 17932
011E12650639

RECEIVED
SCRANTON
AUG 0 8 2016
PER _____
DEPUTY CLERK

Office of the Clerk
United States District Court
Middle District of Pennsylvania
235 North Washing Avenue
P.O. Box 1148
Scranton, PA 18501-1148

18501$1148 B099